ELIZA BRIGHT, ADMINISTRATRIX OF HARRY BRIGHT, DECEASED, RESPONDENT, v. THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, APPELLANT.

Argued June 19, 1919—Decided November 17, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is the defendant's appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury in the Warren Circuit Court.

"The plaintiff's intestate was a switchman employed by the defendant company in its yards on the outskirts of Phillipsburg. On the occasion in question, about midnight, according to the proofs, he went, on the order of the yardmaster, to throw a switch to allow an interstate train to go through the yard on what is known as the 'main' or 'lead' track. The evi-

dence permits of the inference that after he had placed the switch, and as the interstate train was going through, he stood some five feet away upon the adjoining track, watching for hot boxes, as it was his duty to do, when there was 'kicked down' upon this track on which he was standing an oil car which ran over him and killed him, without warning to him.

"The question is whether, under the proofs, the defendant company may be said to have been negligent in failing to give some sort of warning of the 'kicking down' of this car.

"We think that question must be answered in the affirmative.

"There was evidence of a custom to give warning of which the defendant company had knowledge.

"Mr. Carroll testified:

" '*Q.* When a flying drill was made in the yard, was it customary to warn in any way?

" '*A.* Certainly, to have a man down there to shout or whistle, or to have a man on the front of the car.' This witness also testified that it was the yardmaster's orders not to 'kick any cars on number one while ninety-eight was pulling through the lead.'

"To the same effect is Mr. Purcell's and Mr. Blackman's testimony.

"The question whether there was a custom recognized by the company, and which was broken, was properly submitted by the trial judge to the jury.

"The defendant, however, complains that the rules of the company expressly negative the idea of a custom to warn. We do not so read the rules.

"It is also claimed by the defendant that the decedent had notice that the car which hit him was coming down. Whether he had or had not seasonable notice was, we think, a jury question.

"It seems clear a verdict could not have been properly directed.

"We find no prejudicial error in the charge, nor in the refusal to charge, nor in the admission of evidence.

"The judgment will be affirmed, with costs."

For the respondent, *George M. Shipman* and *Gilbert Collins.*

For the appellant, *William C. Gebhardt.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 10.

*For reversal*—None.